## UNITED STATES  DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

ERIC WILLIAMS                                           CIVIL ACTION

versus                                                  NO. 10-3010

STATE OF LOUISIANA,                                     SECTION: "C" (3)
DEPARTMENT OF CORRECTION

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Eric Williams, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On January 15, 2004, he was convicted under Louisiana law of armed robbery, aggravated battery, and possession of a firearm while in possession of marijuana.[1] On February 3, 2004, he was sentenced as follows: eighty-five years imprisonment without benefit

---

[1] State Rec., Vol. VIII of XI, transcript of January 15, 2004, p. 402; State Rec., Vol. III of XI, minute entry dated January 15, 2004; State Rec., Vol. III of XI, jury verdict form.

of probation, parole, or suspension of sentence on the armed robbery conviction; ten years imprisonment on the aggravated battery conviction; and ten years imprisonment on the conviction for possession of a firearm while in possession of marijuana.  It was ordered that his sentences run consecutively.[2]  On April 26, 2005, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions but remanded the matter to the district court for adjudication of a pending motion for reconsideration of sentence.[3]   The Louisiana Supreme Court denied petitioner's related writ application on February 3, 2006.[4]

On March 24, 2008, after numerous delays,[5] the state district court considered and denied petitioner's motion for reconsideration of sentence.[6]  He then again appealed and, on January 13, 2009, the Louisiana Fifth Circuit Court of Appeal affirmed the sentences for the convictions of aggravated battery and possession of a firearm while in possession of marijuana; however, the court vacated the armed robbery sentence as excessive and again remanded the matter to the state district

---

[2] State Rec., Vol. VIII of XI, transcript of February 3, 2004; State Rec., Vol. IV of XI, minute entry dated February 3, 2004.

[3] State v. Williams, 902 So.2d 485 (La. App. 5th Cir. 2005) (No. 04-KA-1309); State Rec., Vol. IV of XI.

[4] State v. Williams, 922 So.2d 1173 (La. 2006) (No. 2005-KO-1640); State Rec., Vol. IV of XI.

[5] During those delays, petitioner filed with the state district court an application for post-conviction relief on or about January 31, 2007.  State Rec., Vol. V of XI.  That application was denied on May 18, 2007.  State Rec., Vol. V of XI, Order dated May 18, 2007.

[6] State Rec., Vol. V of XI, Order dated March 24, 2008.

court.[7]  From that decision, the state filed with the Louisiana Supreme Court an application for supervisory writs of mandamus, prohibition, and certiorari which was denied on November 6, 2009.[8]

On January 14, 2010, the state district court resentenced petitioner on the armed robbery conviction to a term of  sixty years imprisonment without benefit of probation, parole, or suspension of sentence.  The court further ordered that the sentences for armed robbery and aggravated battery run concurrently and that the remaining sentence run consecutively.[9]

On September 3, 2010, petitioner filed the instant federal application for *habeas corpus* relief.[10]  The state concedes that the application is timely filed[11] but argues that it must be dismissed because petitioner failed to exhaust his state court remedies.[12]  The state is correct.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts.  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state

---

[7] State v. Williams, 8 So.3d 3 (La. App. 5th Cir. 2009) (No. 08-KA-556); State Rec., Vol. V of XI.

[8] State v. Williams, 21 So.2d 298 (La. 2009) (No. 2009-K-0330); State Rec., Vol. V of XI.

[9] State Rec., Vol. V of XI, minute entry dated January 14, 2010.

[10] Rec. Doc. 1.

[11]  Rec. Doc. 9, p. 11.

[12]  Rec. Doc. 9, pp. 11-15.

court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).  Accordingly, to determine whether petitioner exhausted his state court remedies, this Court must compare the claims he asserted in the instant federal application to the claims he asserted to the Louisiana Supreme Court.

Petitioner's federal application is a rambling, largely nonsensical pleading in which he makes a variety of allegations.  Often allegations which have no connection to one another are lumped together under a single heading or ground for relief; therefore, following those same divisions is not a useful way to categorize the claims asserted.  Instead, the claims actually asserted, listed separately, are:

1.  Petitioner was misidentified;[13]

2.  The bill of information was defective;[14]

3.  The verdict was against the weight of the evidence;[15]

4.  Petitioner received ineffective assistance of counsel;[16]

5.  The search for and seizure of evidence was illegal;[17]

6.  The affidavit of probable cause was unsigned;[18]

---

[13]  Rec. Doc. 1, pp. 5, 16, 23, and 27-28.

[14]  Rec. Doc. 1, pp. 5 and 21-22.

[15]  Rec. Doc. 1, pp. 7 and 24.

[16]  Rec. Doc. 1, p. 8.

[17]  Rec. Doc. 1, pp. 16-17.

[18]  Rec. Doc. 1, pp. 16 and 19.

– 4 –

7.      There is no evidence that petitioner was advised of his

        <u>Miranda</u> rights;[19]

8.      Petitioner was never arraigned;[20]

9.      Officer Rodrigue planted false evidence, i.e. a car rental receipt/coupon;[21]

10.     Officer Mungia planted false evidence, i.e. a stained scarf;[22]

11.     The prosecutor made improper and prejudicial statements;[23]

12.     Petitioner was improperly prosecuted by bill of information

        rather than grand jury indictment;[24] and

13.     Petitioner's sixty-year sentence for armed robbery is

        excessive.[25]

        To determine whether those claims were "fairly presented" to the Louisiana Supreme

Court, this Court looks only to petitioner's writ application in Case No. 2005-KO-1640, his sole writ

application filed with the state's highest court.[26]  Upon close examination, it becomes apparent that

---

[19]  Rec. Doc. 1, pp. 17-18.

[20]  Rec. Doc. 1, pp. 20-21.

[21]  Rec. Doc. 1, pp. 16 and 27-28.

[22]  Rec. Doc. 1, p. 24.

[23]  Rec. Doc. 1, p. 26.

[24]  Rec. Doc. 1, pp. 26-27.

[25]  Rec. Doc. 1, p. 29.

[26]  A copy of that writ application appears in Volume X of the state court record.

the following claims were expressly asserted, and therefore exhausted, in that writ application: Claims 2 (the bill of information was defective); 3 (the verdict was against the weight of the evidence); 5 (the search for and seizure of evidence was illegal); and 9 (Officer Rodrigue planted false evidence, i.e. a car rental receipt/coupon).

That said, it is likewise apparent that petitioner's remaining claims are unexhausted. Two of petitioner's claims were considered by the Louisiana Fifth Circuit Court of Appeal on direct appeal: Claims 8 (petitioner was never arraigned) and 11 (the prosecutor made improper and prejudicial statements).[27]   However, because petitioner failed to mention those claims in his Louisiana Supreme Court writ application, they were not "fairly presented" to that court and, therefore, are unexhausted.[28]   Moreover, even if those two claims were nevertheless found to be

---

[27]   In actuality, Claim 8 was not even raised by petitioner, but it was addressed by the Court of Appeal as part of its review for errors patent. Williams, 902 So.2d at 501; State Rec., Vol. IV of XI.

[28]   The United States Supreme Court has held that a claim is "fairly presented" only if it is expressly asserted to the state's highest court without the need for that court to "read beyond a petition or a brief (or a similar document)" to find the claim. Baldwin v. Reese, 541 U.S. 27, 32 (2004).  The Supreme Court noted that appellate judges simply are not required to read the lower court opinions to ferret out a petitioner's claims:

> [T]o say that a petitioner "fairly presents" a federal claim when an appellate judge can discover that claim only by reading lower court opinions in the case is to say that those judges *must* read the lower court opinions – for otherwise they would forfeit the State's opportunity to decide that federal claim in the first instance.  In our view, federal habeas corpus law does not impose such a requirement.
>
> For one thing, the requirement would force state appellate judges to alter their ordinary review practices.  Appellate judges, of course, will often read lower court opinions, but they do not necessarily do so in every case.  Sometimes an appellate court can decide a legal question on the basis of the briefs alone.  That is particularly so where the question at issue is whether to exercise a discretionary power of review, *i.e.,* whether to review the merits of a lower court decision.  In such instances, the nature of the issue may matter more than does the legal validity of the lower court

exhausted, it is indisputable that the remaining claims are unexhausted because they were not

mentioned *at all* in *either* the direct appeal *or* the Louisiana Supreme Court writ application: Claims

1 (petitioner was misidentified); 4 (petitioner received ineffective assistance of counsel); 6 (the

affidavit of probable cause was unsigned); 7 (there is no evidence that petitioner was advised of his

Miranda rights); 10 (Officer Mungia planted false evidence, i.e. a stained scarf); 12 (petitioner was

improperly prosecuted by bill of information rather than grand jury indictment); and 13 (petitioner's

sixty-year sentence for armed robbery is excessive).[29]

        In light of the foregoing, it is clear that although some of petitioner's claims were

fairly presented to the Louisiana Supreme Court, many others were not.  As a result, his federal

application is a mixed petition and should therefore be dismissed without prejudice on that basis.

See Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both

exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without

prejudice.").

_____

        decision.  And the nature of the issue alone may lead the court to decide not to hear
the case. ...
        For another thing, the opinion-reading requirement would impose a serious
burden upon judges of state appellate courts, particularly those with discretionary
review powers.  Those courts have heavy workloads, which would be significantly
increased if their judges had to read through lower court opinions or briefs in every
instance.

Id. at 31-32.

[29] Although petitioner argued on direct appeal that his original eighty-five-year sentence was
excessive, he never challenged in the Louisiana Supreme Court the excessiveness of the sixty-year
sentence imposed on resentencing.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Eric Williams be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[30]

New Orleans, Louisiana, this first day of February, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.